UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GRIGSBY, | CASE NO. 2:22-cv-01243 |
| Plaintiff, | |
| v. | |
| THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER SEATTLE, a Washington corporation, DOES 1-100, employees of The Young Men's Christian Association of Greater Seattle, and CORPORATION(S) XYZ 1-100, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| Defendants. | |

This matter comes before the Court on plaintiff James Grigsby's Motion to Compel discovery responses from defendant The Young Men's Christian Association of Greater Seattle ("YMCA"). Dkt. No. 25. For the reasons explained below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

**I. Background.**

Plaintiff alleges that Defendant, his former employer, violated federal and Washington state statutory and common law when it subjected him to workplace discrimination and

retaliation because of his race, sex, sexual orientation, disability status, and protected activity. He seeks equitable relief, monetary damages, and punitive damages, among other things.

Plaintiff identifies his former supervisor, HR Director Ryan Wesley, as the primary bad actor. Dkt. No. 1 at 3. But he also alleges that Chief HR Officer Moriah Martin, HR Director of Employee Relations Tracey Fugami, and HR Director Rae Weston failed to act when he reported Wesley's conduct, or even worse, retaliated against him because of his reports.

On November 1, 2022, Plaintiff served YMCA with written discovery requests. YMCA responded one month later, and it supplemented certain responses in March 2023. Plaintiff alleges that Defendant's discovery responses are incomplete; this motion ensued.

## DISCUSSION

### I.  Legal Standard.

Pre-trial discovery is given "a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party can be compelled to produce documents and information, but the party seeking discovery must first establish that its requests are relevant. *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 81 (D. Ariz. 2022). The party resisting discovery must show why discovery should not be allowed by "clarifying, explaining, and supporting its objections." *Brown v. Warner*, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015). District courts have broad discretion in determining relevancy and managing discovery. *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## II.     Plaintiff's Interrogatory No. 11.

Interrogatory No. 11 asks Defendant to identify "all training" and related documents that it provided to Plaintiff, Wesley, Martin, Fugami, and Weston. Plaintiff names these individuals in his complaint and describes their actions (or inaction) as central to his claims. Defendant argues that the request is "overbroad," "unduly burdensome," and "not relevant to Plaintiff's claims." But the relevance of training materials is obvious in that they provide insights into whether individual employees departed from the employer's own internal guidance and whether system defects exist in its handling of certain issues in general. *See Hover v. State Farm Mut. Auto. Ins. Co.*, No. CV-13-05113-SMJ, 2014 WL 4239655, at *4 (E.D. Wash. Aug. 26, 2014)*; see also Milner v. Safeway Stores, Inc.*, No. CIV.A. 04-1870JMF, 2006 WL 89828, at *3 (D.D.C. Jan. 13, 2006) (finding information about how employees were trained as "most certainly" relevant to plaintiff's claims); *Tovares v. Gallagher Bassett Servs., Inc.*, No. 5:16-CV-05051-JLV, 2020 WL 4740455, at *5 (D.S.D. Aug. 14, 2020) ("[T]raining and educational materials are relevant and may lead to the discovery of admissible evidence concerning the degree of reprehensibility of Defendants' alleged misconduct.").

Here, the request as written is overbroad to the extent it seeks *all* training—for instance, what relevance would CPR training possess in this case?—but Plaintiff has named other categories of training that bear on the claims and defenses at issue, including training related to workplace investigations, retaliation, reasonable accommodations, and responding to workplace complaints.[1] Dkt. No. 25 at 8. Among other things, evidence of these trainings—or their absence—speaks to whether YMCA exercised reasonable care to prevent and promptly correct

---

[1] Defendant agrees that trainings related to "preventing discrimination in the workplace and fostering and creating an inclusive environment" is discoverable.

any alleged discriminatory or harassing behavior, as it contends in its affirmative defenses. Dkt. No. 12 at 49. For this same reason, training that Martin, Fugami, and Weston received, if any, after Plaintiff's separation probes the efficacy of Defendant's previous and ongoing training efforts and whether these employees departed from the training.[2]

Defendant also contends that Plaintiff's request is unduly burdensome, but this request implicates only trainings undertaken by five individuals, including Plaintiff, over a three-year span. *See* Dkt. No. 26-6 at 8. The Court does not find undue burden on this record.

Narrowing Plaintiff's request to all training related to preventing discrimination, fostering and creating an inclusive environment, workplace investigations, retaliation, reasonable accommodations, and responding to workplace complaints, the Court ORDERS Defendant to supplement its response to Interrogatory No. 11.

III.   **Plaintiff's Interrogatory No. 24 and Request for Production No. 24.**

Plaintiff's interrogatory No. 24 asks Defendant to "briefly summarize the facts" upon which each of its 15 affirmative defenses are based. Defendant objects, claiming that Plaintiff has propounded an improper contention interrogatory that seeks attorney work product. But an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or to the application of law. Fed. R. Civ. P. 33(a)(2). Here, Plaintiff inquiries about the known factual underpinnings and not the legal theories, that support Defendant's affirmative defenses. Defendant can respond to this request and identify facts and documents in a way that would not reveal privileged or otherwise protected information.

---

[2] While these subsequent trainings are discoverable, their ultimate admissibility is a question reserved for another day. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

Defendant raises a good point, however, about whether Interrogatory No. 24 should count as more than one interrogatory. Civil Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Although the rule does not define the term "discrete subparts," courts have construed it to mean that "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (citation omitted); *see also* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d ed.) ("[I]t would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation.").

With this standard in mind, the Court finds that Plaintiff's interrogatory tracking Defendant's affirmative defenses counts as multiple interrogatories because it inquires into multiple discrete areas. Indeed, "fully and completely responding to an inquiry regarding the facts supporting one affirmative defense will not necessarily reveal the facts supporting any of the other defenses." *Brutscher v. GEICO Gen. Ins. Co.*, No. C14-1094RSL, 2015 WL 11921416, at *1 (W.D. Wash. Mar. 4, 2015). Thus, Plaintiff's motion to compel complete responses as to each discrete subpart of Interrogatory No. 24 is DENIED. The Court directs Plaintiff to winnow down the number of subparts so as to comply with Fed. R. Civ. P. 33(a)(1). If the parties still require Court intervention to resolve this particular dispute, Plaintiff may renew his request. The Court directs the parties to utilize the Expedited Joint Motion Procedure under LCR 37(a)(2) to the extent there are any further disagreements on this issue.

1    Because there is no limit generally on the number of document requests a party can

2    propound, the Court directs Defendant to respond in full to Request for Production No. 24. *See*

3    Fed. R. Civ. P. 34.

4    **IV.   Plaintiff's Request for Production 2.**

5        Plaintiff seeks information from Martin's, Wesley's, Fugami's, and Weston's personnel

6    files. Defendant objects on several grounds, which the Court takes in turn. To start, Defendant

7    accuses Plaintiff of failing to identify the records sought with enough specificity, but the Court

8    will not put Plaintiff in the position of having to provide exacting detail as a prerequisite to

9    production when Defendant has denied him access to the documents in question, thus making it

10   impossible to be more specific. This is why the civil rules allow parties to request documents by

11   category. Fed. R. Civ. P. 34(b)(1) ("The request must describe with reasonable particularity each

12   item or category of items to be inspected."). And here, Plaintiff has narrowed his request to

13   "discipline or counseling records, warnings, performance evaluations, performance-related

14   communication, separation of employment, training records, dates of employment, resumes,

15   application, background check, reference checks, complaints, discipline, and investigations

16   where the individual is the subject of the investigation" for each of these individuals. Dkt. No. 25

17   at 10. Plaintiff does not seek any medical or health related records. *Id.* Plaintiff's request is, thus,

18   sufficiently specific.

19       Next, Defendant argues the records sought are irrelevant or not proportional to the needs

20   of the case because Plaintiff has not made any specific claims against the management officials at

21   issue. But Plaintiff specifically alleges wrongdoing by each at various points in his complaint. *See*

22   Dkt. No. 1 at 4, 6, 7, 9. The personnel files of the individuals who are alleged to have "engaged in

23   the discrimination or harassment at issue or played an important role in the employment decision

24   or incident that gave rise to the lawsuit" are generally discoverable. *Karrani v. JetBlue Airways*

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 6

*Corp.*, No. C18-1510 RSM, 2019 WL 2269817, at *3 (W.D. Wash. May 28, 2019)*; see also Lauer v. Longevity Med. Clinic P.L.L.C.*, No. C13-0860-JCC, 2014 WL 5471983, at *4 (W.D. Wash. Oct. 29, 2014) ("[T]here is a strong tradition among federal district courts recognizing the relevancy and thus discoverability of personnel files in employment discrimination suits."); *Bush v. Pioneer Hum. Servs.*, No. C09-518 RSM, 2010 WL 11682489, at *5 (W.D. Wash. Jan. 8, 2010) ("Plaintiff is entitled to the portions of personnel files that contain complaints (by or against the employee) or disciplinary actions for discrimination, retaliation, or harassment.").

Defendant argues that privacy concerns outweigh any relevance, and consequently, the personnel files of these non-party employees are not proportional to the needs of the case. Dkt. No. 27 at 10. The Court acknowledges the potentially sensitive nature of the files, but Defendant asserts no privilege that would conclusively prevent discovery of this information. And the Court has previously entered a Protective Order in this lawsuit governing the disclosure of sensitive and confidential information, including "employee files and records pertaining to any party or non-party." Dkt. No. 21 at 2. Considering the privacy protections already in place, the prominent role Martin, Wesley, Fugami, and Weston play in Plaintiff's allegations, and the parties' relative access to the information, the Court is not persuaded that RFP No. 2 should be narrowed on proportionality grounds.

For these reasons, the Court ORDERS Defendant to produce the personnel files of (1) Moriah Martin, (2) Ryan Wesley, (3) Tracey Fugami, and (4) Rae Weston, excluding any personal or family medical or health related records.

**III. Plaintiff's Request for Production No. 28.**

Plaintiff seeks punitive damages against Defendant. Evidence of a defendant's wealth is traditionally admissible as a measure of punitive damages to be awarded. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266–67 (1981). So Plaintiff's Request for Production No. 28

seeking "all financial documents regarding Defendant YMCA's revenue and income … for the years 2021 to present" seeks relevant and generally discoverable information. Dkt. No. 26-3 at 7. Even so, Defendant argues this information should be shielded from disclosure as private financial information, but Defendant concedes that its basic financial information is available online negating most of its privacy concerns.[3] Dkt. No. 27 at 11. Any concerns about the sensitive nature of the information are mollified by the Court's protective order already in place.

The Court ORDERS Defendant to produce balance sheets, income statements of cash flow, profit and loss statements, and any tax return filings from 2021 to present.

## V.   Plaintiff's Request for Production No. 31.

Plaintiff seeks all documents that Defendant "contends is related to, supports, or contradicts the admissions and denials in its Answer." Dkt. No. 26-3. This is an improper catch-all request for documents. Rule 34 requires litigants to identify "with reasonably particularly each item or category of items to be produced." Fed. R. Civ. P. 34(b)(1)(A). It is improper to "frame a request for production as requiring a litigation opponent to determine and produce all relevant documents." *Reno v. W. Cab Co.*, No. 218CV00840APGNJK, 2019 WL 6310716, at *3 (D. Nev. Nov. 25, 2019).

For these reasons, the Court DENIES this aspect of Plaintiff's motion to compel.

## V. Plaintiff is entitled to attorney's fees.

---

[3]  Under Fed. R. Civ. P. 26(a)(1)(A), a party must disclose a document even if it "is publicly available or in the opposing party's possession … to provide notice of evidence central to its claims or defenses." *Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015)*; see also Thomas v. Hickman*, No. 106-CV-00215-AWI-SMS, 2007 WL 4302974, at *19 (E.D. Cal. Dec. 6, 2007) ("[T]he fact that some of the documents might be possessed by Plaintiff or be available to Plaintiff or the public is not a basis for refusing to produce documents that are otherwise discoverable.").

This Court can order payment of costs associated with filing a motion to compel. Fed. R. Civ. P. 37(a)(5). Although Defendant did respond to Plaintiff's initial discovery requests, it did not provide complete responses thus necessitating Plaintiff to bring this motion. Accordingly, Plaintiff is AWARDED reasonable attorneys' fees and costs in connection with his motion to compel discovery in the amount of $1,000. *See* Fed. R. Civ. P. 37(a)(5).

## CONCLUSION

Having considered the relevant briefing and the supporting declarations and exhibits, the Court finds and ORDERS that Plaintiff Grigsby's Motion to Compel (Dkt. No. 25) is GRANTED in part and DENIED in part. Within 21 days from the date of this order, Defendant YMCA is ORDERED to provide the information and documents as described above.

Dated this 1st day of June, 2023.

Jamal N. Whitehead
United States District Judge